# CIRCUIT COURT OF HENRICO COUNTY

Carl J. Williams

v.

Linda S. Williams
(Katherine N. Love)

March 23, 1988

Case No. A-2532J

By JUDGE JAMES E. KULP

This matter came before the Court on March 14, 1988, upon Petitioner's appeal of the Order of the Juvenile and Domestic Relations District Court of February 8, 1988, denying Petitioner's request for a reduction in spousal and child support.

At the hearing, the Court was advised that the Respondent had remarried on July 24, 1987, and pursuant to Section 20-110 of the Code of Virginia, the spousal support ceased as of that date.

In an opinion dated August 28, 1986, the Honorable J. Paul Byrne fixed the amount of child support for Cameron and Brennan, then ages seven and five, at $940.00 per month. Mr. Williams has now filed for a reduction in the amount of child support.

In arriving at its decision, the Court is guided by the principles enumerated by the Court of Appeals in *Yohay v. Ryan*, 4 Va. App. 559 (1987). In *Yohay* the Court held that

> [t]he moving party in a petition for modification of support is required, therefore, to prove both a change in circumstances and that such

change justifies an alteration in the amount of support. 4 Va. App. at 566.

The Court observed that a material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree.

At the time Judge Byrne fixed the amount of child support, Petitioner's gross income was right at $50,000.00, and the Respondent's gross income was near $8,000.00. At the hearing on March 14, the Court was advised that in 1987 the Petitioner's gross income was $65,385.00 and he received a bonus of $14,000.00 on February 21, 1988. The testimony further revealed that the respondent is no longer working. As Judge Byrne pointed out in his opinion, the Respondent had inherited some property and money from Henry D. Evans, the children's godfather. Some of this inheritance was used to repair the home in which Respondent and the children live, and other money was used for living expenses. The Respondent testified on March 14 that all of this inheritance has been expended.

Petitioner asserts there has been a material change in circumstances since Respondent, her present husband and another child are now living in the home and he is not responsible for their support. He further asserts that his sons are no longer in private school which reduces their support needs. Lastly, Petitioner maintains that Respondent should obtain employment, and he should only be responsible for the day care costs of his two sons.

Petitioner is correct that he is not responsible for support for Respondent, her present husband and her other son. Taking this into account and pro rating expenses where appropriate, the Court finds the expenses of Cameron and Brennan to be $1100.00 per month, exclusive of school costs. When the support was fixed for Cameron and Brennan, they were attending private school at a cost of approximately $400.00 per month. While it is true that they are presently attending public school, Respondent has incurred an expense of $418.00 per month for the Sylvan school. Respondent testified that this expense has been necessary due to the learning disability of Cameron and the psychological problems of both children. The Court concludes that this expense is necessary and basically leaves the school expense where it was when Judge Byrne fixed the amount

of support. Adding the school expense to the other expenses referred to shows a monthly expenditure of $1500.00 for the support of Cameron and Brennan.

At the present time, Petitioner is paying child support of $940.00 per month and Respondent is taking care of the remaining $560.00. Even if Respondent were to obtain employment at a salary twice as much as she was making when Judge Byrne fixed the support, the Court is of the opinion that in light of Petitioner's income the division of the support needed for Cameron and Brennan is not inequitable. One could conclude that Petitioner is not paying his proportionate share for his children's support.

In conclusion, the Court finds that Petitioner has failed to prove a material change in circumstances justifying an alteration in the amount of support.